**E. Jeff Jeffery**; OSB #85243
ejeffjeffery@proaxis.com
P.O. Box 423
Corvallis, Oregon 97339-0423
Telephone: (541) 752-1711
Facsimile:  (541) 752-1414

*Attorney for Plaintiff*

**Hilary B. Miller**
hilary@miller.net
LAW OFFICES OF HILARY B. MILLER
112 Parsonage Road
Greenwich, Connecticut 06830-3942
Telephone: (203) 399-1320
Facsimile:  (914) 206-3727

*Of Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **WE THE PEOPLE USA, INC.**, | No. 6:05-cv-06258-HO |
| *Plaintiff,* | |
| v. | **STIPULATION AND ORDER** |
| **RICHARD H. NORLAND**, | |
| *Defendant.* | |

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned

counsel for plaintiff We The People USA, Inc. and defendant *pro se* Richard H. Norland,

that this action and all claims, counterclaims and cross-claims of the parties that were or

could have been asserted herein be, and the same hereby are, settled and dismissed with

prejudice and without costs to any party upon the following terms and conditions:

STIPULATION OF SETTLEMENT - **1**

**Hilary B. Miller, Esq.**
112 Parsonage Road
Greenwich, Connecticut 06830-3942
(203) 399-1320

*1. Defendant to desist from use of Dollar Marks*. Subject to the phase-out provisions of ¶2 of this Stipulation and Order, defendant and his agents, servants, employees and attorneys and all persons acting in concert or participation with them, or under their control, shall forthwith and permanently cease and desist from using any of the Dollar Marks,[1] or any word or combination of words which is colorably similar to any of the Dollar Marks, as or as a part of any domain name, corporation name, trademark, service mark, or trade name, or other product or commercial identification, or as any advertising copy or slogan, or in connection with the sale, offering for sale, advertising, distribution or promotion of any goods or services of any kind in any medium; without limiting the generality of the foregoing, defendant shall not cause, permit or suffer any of the Dollar Marks or any colorably similar mark to be used or displayed for any purpose (including without limitation as a page or domain name) on or at any Internet site operated, owned or hosted by defendant or any entity under this control without in each instance obtaining the express prior written consent of plaintiff, which consent plaintiff may withhold in its sole and absolute discretion.

*2. Phase-Out Arrangements*. For a period of thirty (30) calendar days from the date that this Stipulation and Order is executed by the parties, defendant may continue to use the Dollar Mark WE THE PEOPLE® in a manner consistent with defendant's prior use thereof, but solely to facilitate the phasing-out of such use, including without limitation for the purpose of exhausting existing quantities of stationery and consumable advertising materials.

---

[1]For purposes of this Stipulation and Order, the term "Dollar Marks" means WE THE PEOPLE®, CASH 'TIL PAYDAY®, QWICASH®, LOAN MART®, MONEY MART®, MONEY MART EXPRESS®, ALMOST A BANC®, CHECK MART®, LEGAL MART™ and DOCUMENT MART™.

STIPULATION OF SETTLEMENT - 2

C:\Documents and Settings\User\My Documents\Documents\Dollar Financial Group\Lanham Act claims\WTP v. Norland, Richard\15 Stipulation v2.DOC (November 2, 2005 at 23:00:00 Rev. 9)

**Hilary B. Miller, Esq.**
112 Parsonage Road
Greenwich, Connecticut 06830-3942
(203) 399-1320

During such thirty-day period, defendant shall not undertake any expanded, new or additional use of any Dollar Mark. Notwithstanding the thirty-day outside date set forth above, defendant shall: (a) forthwith change of the corporate name of We The People Of Oregon, Inc. to another name not incorporating, or colorably similar to, any of the Dollar Marks; (b) forthwith assign the domain name <wethepeopleoforegon.com> to plaintiff; and (c) forthwith desist from all media advertising incorporating the phrase "we the people" in any manner. Defendant shall change all other proprietary indicia incorporating or colorably similar to any Dollar Mark at the earliest practicable date.

*3. Payment by Plaintiff.* At any time following the execution of this Stipulation and Order, defendant may deliver to plaintiff a certificate executed under the penalty of perjury to the effect that defendant has (a) timely complied with the provisions of this Stipulation and Order and (b) permanently ceased all use of any of the Dollar Marks or of any colorably similar mark. Forthwith following receipt of such certificate, plaintiff may, at its election, cause the facts set forth therein to be investigated for a period of not more than thirty days. Following plaintiff's reasonable determination that the contents of such certificate are substantially true, plaintiff shall pay defendant the sum of $10,000 to facilitate defendant's change of proprietary indicia, which sum shall be payable in two installments of $5,000 each, the first such installment to be payable upon the completion of such investigation and the second to be payable on the first anniversary of such payment, provided that defendant is then still in substantial compliance with the terms of this Stipulation and Order.

STIPULATION OF SETTLEMENT - 3

C:\Documents and Settings\User\My Documents\Documents\Dollar Financial Group\Lanham Act claims\WTP v. Norland, Richard\15 Stipulation v2.DOC (November 2, 2005 at 23:00:00 Rev. 9)

**Hilary B. Miller, Esq.**
112 Parsonage Road
Greenwich, Connecticut 06830-3942
(203) 399-1320

*4.* <u>No challenge to existing marks</u>. At no time hereafter shall defendant or his agents, servants, employees, attorneys or any persons acting in concert or participation with them, or under their control, challenge (whether by way of suit, administrative or *inter partes* proceedings, protest, objection or otherwise), or assist others to challenge, the rights of plaintiff and its affiliates in the Dollar Marks or the registration thereof, nor shall any of such parties seek to register or assist others in an attempt to register, nor shall any of such parties maintain any registration of, any trademark, service mark, trade name, corporation name or domain name that is colorably similar to any Dollar Mark. Defendant hereby assigns to plaintiff all domain names, trademarks, service marks, trade names and corporation names now or hereafter standing in defendant's name, or under defendant's control, that are colorably similar to any Dollar Mark.

*5.* <u>Non-Disparagement</u>. Each party covenants and agrees that he or it, as the case may be, will not, nor permit any of his affiliates, associates or agents to, make, nor threaten to make, directly or indirectly, any adverse or disparaging oral, written or electronic (e.g., via the Internet) statements regarding any party hereto or any of their respective former or current affiliates, franchisees, agents, employees or customers, to any third person.

*6.* <u>Warranties of the parties</u>. Each party represents and warrants to the other party that he or it has the right, power and authority to enter into this Stipulation and Order and that this Stipulation and Order does not and will not with the lapse of time violate, contravene or result in a breach of any certificate, contract or agreement to which such party is a party.

STIPULATION OF SETTLEMENT - 4

**Hilary B. Miller, Esq.**
112 Parsonage Road
Greenwich, Connecticut 06830-3942
(203) 399-1320

*7. Release by plaintiff.* Except for defendant's obligations arising under this Stipulation, plaintiff does hereby remise, release, acquit and forever discharge defendant (and his affiliates, agents, insurers and attorneys, and the respective officers, directors, agents, attorneys and stockholders of each of the foregoing) from all manner of action, causes of action, suits, claims or demands in law or in equity which plaintiff has had, now has, or may hereafter have, known or unknown, choate or inchoate, against any of such released parties, from the beginning of the world to the day of the date of this Stipulation and Order.

*8. Release by defendant.* Defendant does hereby remise, release, acquit and forever discharge plaintiff (and its affiliates, agents, insurers and attorneys, and the respective officers, directors, agents, attorneys and stockholders of each of the foregoing) from all manner of action, causes of action, suits, claims or demands in law or in equity which defendant has had, now has, or may hereafter have, known or unknown, choate or inchoate, against any of such released parties, from the beginning of the world to the day of the date of this Stipulation and Order.

*9. Covenant not to sue.* Each party (individually, derivatively and representatively) agrees not to sue or initiate any proceedings against any other party released hereby with respect to any of the claims released pursuant to this Stipulation and Order, and each party agrees to indemnify each other party released hereby against all damages and expenses (including reasonable attorneys' fees and other litigation expenses) incurred by any released parties in the defense of any such lawsuit or proceeding.

**Hilary B. Miller, Esq.**
112 Parsonage Road
Greenwich, Connecticut 06830-3942
(203) 399-1320

*10.* No admission of liability. Neither this Stipulation and Order nor the settlement memorialized hereby, nor any act performed or document executed pursuant to or in furtherance of this Stipulation and Order or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, any wrongdoing or liability of any party; (b) is or may be deemed to be or maybe used as an admission of, or evidence of, any fault or omission of any party in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Stipulation and Order or the settlement hereinabove referred to; except that any party may file this Stipulation and Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of release, good faith settlement or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

*11.* Entire agreement. The parties acknowledge and agree that they are not relying on any representations, oral or written, other than those expressly contained herein. This Stipulation and Order supersedes all proposals, oral or written, all negotiations, conversations or discussions between the parties and all course of dealing. All prior and contemporaneous agreements between the parties are hereby merged in this Stipulation and Order, which constitutes the complete and exclusive understanding between the parties.

*12.* No presumption against draftsman. The parties acknowledge that they each participated in drafting this Stipulation and Order, and there shall be no presumption against any

**Hilary B. Miller, Esq.**
112 Parsonage Road
Greenwich, Connecticut 06830-3942
(203) 399-1320

party on the ground that such party was responsible for preparing this Stipulation or any part hereof.

13. Further assurances. Each party will, at any time and from time to time, upon the written request of the other, execute, acknowledge and deliver such other instruments, as the case may be, and take such other action as may reasonably be required more effectively to enable each party to enjoy the full benefits of this Stipulation and Order.

14. Expenses. Each of the parties hereto shall pay the fees and expenses of its own respective counsel, accountants, other experts and all other expenses incurred by each party incident to the negotiation, preparation and execution of this Stipulation and Order or any transaction incident hereto or contemplated hereby. Notwithstanding the foregoing, each party in breach of this Stipulation and Order shall indemnify each other party against all damages, costs and expenses (including reasonable attorneys' fees and other litigation expenses) incurred by a non-breaching party or any of its affiliates in enforcing the provisions of this Stipulation and Order after the date hereof.

15. No oral modification. This Stipulation and Order may not be modified or terminated, nor shall any term or condition hereof be waived, except in a writing signed by the party sought to be charged therewith. Failure by any party to insist in any one or more instances on strict compliance with the terms, conditions, covenants, representations and warranties contained herein shall not be deemed a waiver.

STIPULATION OF SETTLEMENT - 7
C:\Documents and Settings\User\My Documents\Documents\Dollar Financial Group\Lanham Act claims\WTP v. Norland, Richard\15 Stipulation v2.DOC (November 2, 2005 at 23:00:00 Rev. 9)

**Hilary B. Miller, Esq.**
112 Parsonage Road
Greenwich, Connecticut 06830-3942
(203) 399-1320

*16.* <u>Binding effect</u>. This Stipulation and Order shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns, but shall not inure to the benefit of any other third party, except that this Stipulation and Order shall inure to the benefit of plaintiff's parent corporation with respect to the Dollar Marks other than WE THE PEOPLE®.

*17.* <u>Severability</u>. In the event that any one or more provisions of this Stipulation and Order shall be deemed to be illegal or unenforceable, such illegality or unenforceability shall not affect any of the remaining legal and enforceable provisions hereof, which shall be construed as if such illegal or unenforceable provision or provisions had not been inserted.

*18.* <u>Notices</u>. All notices, requests, demands and other communications hereunder shall be given by hand or mailed, certified or registered mail, with postage prepaid, or by nationally recognized overnight courier service providing for proof of delivery, or by telegram or mailgram, to the respective parties at their respective addresses set forth below, or to such other address as a party may from time to time designate in a notice. Service of process may be made in the manner herein set forth for notices, each party hereby waiving the requirement for service of process by any other means.

*19.* <u>No agency</u>. This is a stipulation of settlement. No agency, partnership, joint venture, or other joint relationship is created hereby.

*20.* <u>Time of the essence</u>. Time is of the essence in this Stipulation and each and every provision hereof.

STIPULATION OF SETTLEMENT - 8

C:\Documents and Settings\User\My Documents\Documents\Dollar Financial Group\Lanham Act claims\WTP v. Norland, Richard\15 Stipulation v2.DOC (November 2, 2005 at 23:00:00 Rev. 9)

**Hilary B. Miller, Esq.**
112 Parsonage Road
Greenwich, Connecticut 06830-3942
(203) 399-1320

*21.* Remedies cumulative. No remedy or election hereunder shall be deemed exclusive but shall, wherever possible, be cumulative with and nonexclusive of all other remedies at law or in equity.

*22.* Governing law; jurisdiction. This Stipulation and Order and all rights and liabilities of the parties hereto shall be governed by and construed in accordance with the substantive law of the State of Oregon without regard to conflict of law principles. Each of the parties hereby irrevocably consents and submits to the exclusive personal and subject matter jurisdiction of this Court with respect to this Stipulation and Order and the subject matter hereof. This Court shall retain jurisdiction of this matter for purposes of enforcing this Stipulation. Trial by jury in any proceeding related to the subject matter of this Stipulation and Order is hereby waived.

*23.* Publicity. Neither party (nor any of their respective agents or employees) shall announce or disclose to any third person any term, financial or otherwise, concerning this Stipulation and Order or the transactions contemplated hereby, except to his attorneys or accountants, and except as may be required by law or as necessary  to enforce the provisions hereof, without advance approval of the form and substance thereof by the other party, which approval may be withheld in the sole and absolute discretion of the other party.

*24.* Entry of Order. This Stipulation, once fully executed by the parties, may be reduced to an order of the Court without further notice to any party. This Stipulation shall be

**Hilary B. Miller, Esq.**
112 Parsonage Road
Greenwich, Connecticut 06830-3942
(203) 399-1320

binding upon the parties immediately upon execution by all parties notwithstanding the failure of the Court for any reason to enter an order hereon.

25. <u>Counterparts</u>. This Stipulation and Order may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. An electronic facsimile or photocopy of this Stipulation and Order or any signature hereon shall be deemed an original and may be filed or received in evidence in any matter and for any purpose.

26. <u>Careful reading</u>. Each party acknowledges that it has **carefully read** each of the provisions of this Stipulation and Order, has had the opportunity to be fully and effectively advised by his or its respective counsel prior to the execution hereof, and understands the meaning and legal consequences hereof. Defendant has been advised to seek independent legal counsel but has instead determined to enter into this Stipulation and Order without benefit of such counsel.

C:\Documents and Settings\User\My Documents\Documents\Dollar Financial Group\Lanham Act claims\WTP v. Norland, Richard\15 Stipulation v2.DOC (November 2, 2005 at 23:00:00 Rev. 9)

**Hilary B. Miller, Esq.**
112 Parsonage Road
Greenwich, Connecticut 06830-3942
(203) 399-1320

Dated this 2nd day of November, 2005.

E. JEFF JEFFERY; OSB #85243
P.O. Box 423
Corvallis, Oregon 97339-0423
Telephone: (541) 752-1711
Facsimile: (541) 752-1414

*- and -*

Hilary B. Miller
LAW OFFICES OF HILARY B. MILLER
112 Parsonage Road
Greenwich, CT 06830-3942
Telephone: (203) 399-1320
Facsimile: (914) 206-3727

*Attorneys for Plaintiff*

RICHARD H. NORLAND
130 F Street
Springfield, Oregon 97477-3918
Telephone: (541) 736-3949
Facsimile:

*Defendant Pro Se*

STIPULATION OF SETTLEMENT - 11

SO ORDERED:

Dated at Eugene, Oregon, this _____ day of December, 2005:


_____
        MICHAEL R. HOGAN
     United States District Judge


C:\Documents and Settings\User\My Documents\Documents\Dollar Financial Group\Lanham Act claims\WTP v. Norland, Richard\15 Stipulation v2.DOC (November 2, 2005 at 21:47:00 Rev. 7)

STIPULATION OF SETTLEMENT - 12

C:\Documents and Settings\User\My Documents\Documents\Dollar Financial Group\Lanham Act claims\WTP v. Norland, Richard\15 Stipulation v2.DOC (November 2, 2005 at 23:00:00 Rev. 9)

**Hilary B. Miller, Esq.**
112 Parsonage Road
Greenwich, Connecticut 06830-3942
(203) 399-1320